CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 05 2019

JULIA C. DUDLEY, CLERK
BY: aSeagle
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CLARENCE EDWARD WHITAKER, on behalf of himself and as Administrator of the Estate of Shannon Marie Whitaker, deceased,<br><br>Plaintiff,<br><br>v.<br><br>HYUNDAI MOTOR COMPANY, et al.,<br><br>Defendants. | Case No. 7:17-cv-00055<br><br><br><br><br><br><br><br><br><br>By: Michael F. Urbanski<br>Chief United States District Judge |

## ORDER

Plaintiff Clarence Edward Whitaker ("Whitaker") filed his Motion in Limine No. 2 to Prohibit the Defendants from Making a Reference of Any Kind or Nature to Their Claim that they Cannot be held Liable Because They are not the Manufacturer or Distributor of the Subject Vehicle on January 25, 2019. ECF No. 160. Defendants Hyundai Motor Company and Hyundai Motor America, Inc. ("Defendants") responded on February 1, 2019. ECF No. 194.

Whitaker argues that this matter was previously decided by the court's Order of October 10, 2018, in which the court cited to Bilenky v. Ryobi Techs., Inc., F. Supp. 3d 661, 671–72 (E.D. Va. 2015) and noted that the Fourth Circuit has applied "the apparent manufacturer doctrine where entities put out products as their own." Defendants respond that Virginia has never adopted the apparent manufacturer doctrine and that Bilenky v.

Ryobi Technologies, Inc., 666 Fed. App'x 271 (4th Cir. 2016)[1] did not so hold. Instead, Bilenky described the doctrine in passing without any relevant holding. Besides which, Bilenky's description of the doctrine "is flatly wrong" because it "mis-cited and misconstrued actual precedent."

The court disagrees with Defendants' account of Bilenky. 666 Fed. App'x 271 at 274. In its opinion, the Fourth Circuit stated explicitly:

> In Virginia, a plaintiff can impose liability on a manufacturer or seller of a defective product if the product is unreasonably dangerous for its ordinary or reasonably foreseeable use and the unreasonably dangerous condition existed when the product 'left the defendant's hands.' [citations omitted] Pursuant to the apparent manufacturer doctrine, an entity holding itself out as the manufacturer may be subject to the same liability as the actual manufacturer.

The court cited to Swift & Co. v. Blackwell, 84 F.2d 130, 132 (4th Cir. 1936) for its explanation of the apparent manufacturer doctrine.[2] Defendants argue that Swift was decided under facts and law different from these and never once uses the term "apparent manufacturer," but this does not alter the description of a doctrine that later came to be referred to as the apparent manufacturer doctrine and the end result that a seller who sold a

---

[1] In this opinion, the Fourth Circuit affirms the lower court opinion cited by Whitaker in his brief in support of the motion.

[2] In Swift, the court stated:
> One who puts out as his own product chattels made by others is under a duty to exercise care, proportionate to the danger involved in the use of the chattels if improperly made, to secure the adoption of a proper formula or plan and the use of safe materials and to inspect the chattel when made. But he does not escape liability by so doing. By putting a chattel out as his own product, he causes it to be used in reliance upon his care in making it. Therefore, he is liable if, because of some negligence in its fabrication or through lack of proper inspection during the process of manufacture, the article is in a dangerous defective condition which the vendor could not discover after it was delivered to him.

Id. at 132. That the case dealt with cans of milk rather than cars or that the case was decided before the privity requirement was abolished does not alter the above language or its application to later cases in Virginia and the Fourth Circuit. See Carney v. Sears, Roebuck & Co., 309 F.2d 300, 304 (4th Cir. 1962) ("Therefore, the basic test is whether or not the vendee reasonably believed in and relied upon the vendor's apparent manufacture of the product.").

2

product as his own could be held liable for the harm it caused. See id. at 132. ("But in our opinion, the average reader would certainly conclude from a perusal of the label that the goods in the can were the product of Swift & Co.").

While the court ruled in its Order of October 10, 2018 that Whitaker had presented ample evidence for a jury to conclude that Mrs. Whitaker's Hyundai Santa Fe ("the vehicle") was sold under the Hyundai trade name, the Order was addressing Defendants' motion for summary judgment. The ruling meant only that Whitaker had presented enough information to avoid dismissal under Rule 56. This issue belongs to the jury and hasn't been decided. Granting Whitaker's motion would essentially amount to granting partial summary judgment to Whitaker on this issue. The court therefore **DENIES** the motion. Defendants may present evidence to the jury on this issue.

It is **SO ORDERED**.

Entered: 02/05/2019

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge