# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | |
|---|---|
| CLARENCE EDWARD ) <br> WHITAKER, on behalf of himself ) <br> and as Administrator of the Estate ) <br> of Shannon Marie Whitaker, ) <br> deceased, ) <br> ) <br>    Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HYUNDAI MOTOR COMPANY, ) <br> et al., ) <br> ) <br>    Defendants. ) | Case No. 7:17-cv-00055 <br><br><br><br><br><br><br><br> By:   Michael F. Urbanski <br>    Chief United States District Judge |

## ORDER

Plaintiff Clarence Edward Whitaker ("Whitaker") filed his Motion to Strike the Supplemental Report of Defense Expert Viola Acoff on January 25, 2019. ECF No. 169. Defendants Hyundai Motor Company and Hyundai Motor America, Inc. ("Defendants") responded on February 1, 2019. ECF No. 182. The court heard argument on January 29, 2019.

Whitaker argues that the supplemental report by Dr. Acoff, served to Whitaker on January 18, 2019, is "a vehicle for new opinions" rather than a response to Whitaker's expert William Carden's supplemental report. Whitaker contends that Dr. Acoff offers new opinions as to the quantities and percentages of tin, copper, sulfur, and carbon in the subject blades of Mrs. Whitaker's Hyundai Santa Fe ("the vehicle"). Whitaker argues that Dr. Acoff was obligated to disclose these in her original report or discuss them during her deposition, and that it is "far too late in the day to permit these new opinions."

Defendants respond that Carden's 438-page second supplemental report presents new opinions, analyses, and references and that Dr. Acoff merely responded to this new material. Defendants claim that Dr. Acoff does not conduct any new tests or analyses in her supplemental report, but focuses on the contents of Carden's report. Defendants conclude that Rule 26(a)(2)(D)(ii) permits this report and that it was timely; even were it not, Fourth Circuit precedent would not support the striking of this report as it poses no risk of prejudice to Whitaker. See Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 596 (4th Cir. 2003) (discussing the five-factor test used to determine prejudice to a party during discovery).

Federal Rule of Civil Procedure 26(a)(2)(D)(ii) states that, absent a stipulation or court order, disclosures of expert evidence intended to rebut the opposing party's evidence on the same subject must be made within 30 days of the opposing party's disclosure. Dr. Carden's supplemental report was served by Whitaker to Defendants on December 20, 2018. ECF No. 182, at 1. Dr. Acoff's supplemental report is thus timely. No court order bars the filing of this report. Further, the report poses no risk of prejudice to Whitaker—Dr. Acoff's report offers somewhat more detail on certain aspects of her first report, but her conclusions have not changed and any surprise suffered is slight. ECF No. 169-2; ECF No. 169-1. See Scott v. Holz-Her, U.S., Inc., No. CIV. 6:04CV00068, 2007 WL 3171937, at *2 (W.D. Va. Oct. 26, 2007) (ruling to permit the filing of an expert's supplemental report) ("[The expert] has not offered a new opinion, he has provided further evidence to support an opinion already expressed in his prior reports. The surprise suffered by the Defendants is thus slight. Defendants were already on notice…"). See also Southern States Rack, 318 F.3d at 586

(stating that one factor in finding prejudice to a party is "the surprise to the party against whom the witness was to have testified").

The court **DENIES** the motion. Dr. Acoff may testify at trial to the contents of her supplemental report.

It is **SO ORDERED**.

Entered: 02/05/2019

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge