CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 0 8 2019

JULIA C. DUDLEY, CLERK
BY: /s/ A. Slagle
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CLARENCE EDWARD WHITAKER, on behalf of himself and as Administrator of the Estate of Shannon Marie Whitaker, deceased, </br></br>Plaintiff,</br></br>v.</br></br>HYUNDAI MOTOR COMPANY, et al.,</br></br>Defendants. | Case No. 7:17-cv-00055</br></br></br></br></br></br></br></br>By:  Michael F. Urbanski</br>Chief United States District Judge |

## ORDER

Plaintiff Clarence Edward Whitaker ("Whitaker") filed his Motion in Limine No. 6 to Preclude Defendants from Eliciting Testimony or Arguing that the Hyundai Santa Fe has a Good Overall Safety Record on January 25, 2018. ECF No. 164. Defendants Hyundai Motor Company and Hyundai Motor America, Inc. ("Defendants") responded on February 1, 2019. ECF No. 185. For the reasons stated below, the motion is **DENIED as moot**.

Whitaker alleges that, unless prevented, Defendants will attempt to introduce evidence indicating that the Hyundai Santa Fe has a good safety record. Whitaker argues that this evidence has "no basis in fact and [is] improper." Further, this evidence will suggest to the jury that the ignition system and brake transmission shift interlock system are safe designs, which is not at issue. Whitaker argues that whether the Hyundai Santa Fe as a whole performed well in anyone's opinion is irrelevant to the issue to be determined by the jury in this case—"was [Mrs. Whitaker's] Santa Fe of merchantable quality at the time of final

assembly because the ignition solenoid connector was, or was not, properly and completely connected?"

Defendants claim some confusion regarding Whitaker's motion, but respond that Virginia statute defines merchantable goods as those that "pass without objection in the trade" and "are fit for the ordinary purposes for which such goods are used." Va. Code § 8.2-314(2)(a) & (c). Dorman v. State Indus., 292 Va. 111, 120–21, 787 S.E.2d 132, 138 (2016) elaborates on this standard, explaining that "the first phrase concerns whether a significant segment of the buying public would object to buying the goods, while the second phrase concerns whether the goods are reasonably capable of performing their ordinary functions." Defendants argue they are entitled to present evidence that the Hyundai Santa Fe met this statutory definition and refute Whitaker's claim that the vehicle was not merchantable.

Dorman permitted the admission of evidence of the number of atmospheric heaters sold as evidence that the heater "pass[ed] without objection in the trade." Dorman, 292 Va. at 120–21, 787 S.E.2d at 137–38. Tunnell v. Ford Motor Co., 330 F. Supp. 2d 707, 713 (W.D. Va. 2004), analyzed a related though not identical issue when determining whether to admit consumer expectation survey evidence, offered to show a failure by the defendant to meet reasonable consumer expectations. The court observed that, in products liability cases alleging an unreasonably dangerous design defect under Virginia law, "direct and circumstantial evidence of reasonable consumer expectations of safety standards is admissible to show defectiveness," and consumer expectations could be shown from "evidence of actual industry practices, knowledge at the time of other injuries, knowledge of dangers, the existence of published literature, and from direct evidence of what reasonable

2

purchasers considered defective at the time." Id. at 715. Of course, both these cases alleged design defects, present in every model of the complained-of product, rather than a defect present in a single model. See Tunnell, 330 F. Supp. 2d at 713; Dorman, 292 Va. at 120, 787 S.E.2d at 137. Since the matter at hand is one model of the Hyundai Santa Fe with a defect violating a federal safety regulation, and the question is not if, but when, this defect occurred, the relevance of evidence related to other Hyundai Santa Fe vehicles is limited.

Neither party cites to a case in which a court either barred or admitted evidence pertaining to other models of a product or the product as a whole when addressing a claim of a single manufacturing defect. Defendants, however, allege that both parties intend to present evidence of the manufacturing and inspection process. Defendants claim ignorance of what else Whitaker might be referring to with this motion. Certainly, evidence of the manufacturing process, offered to rebut Whitaker's contention that the vehicle was unreasonably unsafe when it left Defendants' control, is plainly relevant.

As Defendants appear to claim no intention to offer the specific evidence complained of by Whitaker, the court **DENIES** Whitaker's motion as moot at this time. This issue will be further addressed at trial as necessary.

It is **SO ORDERED**.

Entered: 02-08-2019

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge