CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 08 2019

JULIA C. DUDLEY, CLERK
BY: /s/ A. Seagle
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLARENCE EDWARD　　　　　　　)
WHITAKER, on behalf of himself　)
and as Administrator of the Estate　)　Case No. 7:17-cv-00055
of Shannon Marie Whitaker,　　　)
deceased,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　Plaintiff,　　　　　　　　　)
　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)
HYUNDAI MOTOR COMPANY,　　)　By:　Michael F. Urbanski
et al.,　　　　　　　　　　　　　)　　　Chief United States District Judge
　　　　　　　　　　　　　　　　)
　　　Defendants.　　　　　　　　)

## ORDER

Plaintiff Clarence Edward Whitaker ("Whitaker") filed his Motion in Limine No. 3 Precluding the Defendants from making Reference to, or Inferring in any way, that Shannon Whitaker was Negligent, Contributorily Negligent, or Contributed to her Own Fatal Injury or Death, ECF No. 161, and Motion in Limine No. 9 Precluding the Defendants from Asserting the Defense of "Unforeseeable Misuse" of the Vehicle, ECF No. 167, on January 25, 2019. Defendants Hyundai Motor Company and Hyundai Motor America, Inc. ("Defendants") responded to both motions in a single brief on February 1, 2019. ECF No. 192. For the reasons stated below, Whitaker's Motion in Limine No. 3 is **GRANTED** and Whitaker's Motion in Limine No. 9 is **DENIED**.

I.

Under Virginia common law, "wrongful death claimants may recover for breach of implied warranty of merchantability by establishing: (1) the goods were unreasonably

dangerous either for the use to which they would ordinarily be put or for some other reasonably foreseeable purpose; and (2) the unreasonably dangerous condition existed when the goods left the defendant's hands." Butler v. Navistar Intern. Transp. Corp., 809 F. Supp 1202, 1205–06 (W.D. Va. 1991) (citing Bly v. Otis Elevator, 713 F.2d 1040, 1043 (4th Cir. 1983)). A plaintiff cannot recover, however, against a manufacturer for breach of the implied warranty when the plaintiff was injured through unforeseeable misuse of the product. Wood v. Bass Pro Shops, Inc., 250 Va. 397, 301, 462 S.E.2d 101, 103 (1994) "While a manufacturer may not be held liable for every misuse of its product, it may be held liable for a foreseeable misuse of an unreasonably dangerous product." Jeld-Wen, Inc. v. Gamble by Gamble, 256 Va. 144, 147, 501 S.E.2d 393, 396 (1998).

Federal law may preempt state law in three ways: (1) express preemption; (2) field preemption; and (3) conflict preemption. H&R Block Eastern Enterprises, Inc. v. Raskin, 591 F.3d 718, 723 (4th Cir. 2010). A conflict preemption claim requires a conflict between a federal law or regulation and a state law or regulation. Chi. & N.W. Transp. Co. v. Kalo Brick & Tile Co., 450 U.S. 311, 317 (1981). The court "should not seek out conflicts…where none clearly exists." College Loan Corp. v. SLM Corporation, a Delaware Corp., 396 F.3d 588,598 (4th Cir. 2005). Conflict preemption applies only when the state law stands as an "obstacle to the accomplishment of a significant federal regulatory objective." Geier v. American Honda Motor Co., 529 U.S. 861, 886 (2000).

## II.

Whitaker argues that, since the only claim remaining is breach of the implied warranty of merchantability, Defendants cannot be permitted to present evidence of Mrs. Whitaker's

2

contributory negligence. Furthermore, Whitaker argues that Defendants are precluded from arguing that Mrs. Whitaker's actions constituted unforeseeable misuse by Federal Motor Vehicle Safety Standard No. 114 (FMVSS 114), which mandates that all motor vehicles manufactured in the United States must have a starting system that prevents key removal unless the transmission or gear selection control is locked in "park" or becomes locked in "park" as a direct result of key removal. Whitaker argues that by passing this standard, Congress recognized the foreseeability of a driver attempting to remove the key from the ignition of a motor vehicle when that motor vehicle is in a position other than park. Further, the Virginia common law defense of unforeseeable misuse, if applied here, would "add a condition to a manufacturer's duty to comply with FMVSS 114, which would be based on whether a particular manufacturer could 'foresee' the type of occurrence the law was enacted to prevent." ECF No. 167, at 3.

Defendants respond first by saying that misuse and contributory negligence are related concepts, as "negligence" and "warranty" are "close together, indistinguishable in some respects…" ECF No. 192, at 6. See Evans v. NACCO Materials Handling Grp., Inc., 295 Va. 235, 246, 810 S.E.2d 462, 469 (2018) (observing that both negligence and breach of warranty require a showing of whether a product is unreasonably dangerous). Thus, conduct that amounts to contributory negligence can also be termed misuse. To Whitaker's preemption argument, Defendants argue that conflict preemption does not apply here, as FMVSS 114 requires designers of automatic transmission passenger cars and SUVs to design their vehicles to have an interlock, and a jury finding that Mrs. Whitaker misused the vehicle by getting out of it with the vehicle on and in drive, not setting the parking brake, or running

after the vehicle after it began to roll will not frustrate the regulation. By this response, Defendants seem to indicate that they will not argue that it is unforeseeable that a person might attempt to remove a key from the ignition without first placing the car in "park."

### III.

The court notes initially that it has already precluded Defendants from presenting evidence on several issues pertaining to Mrs. Whitaker's history and behavior. Defendants are barred from presenting evidence of Mrs. Whitaker's prior medical conditions and medications; they are likewise barred from referring to any prior incident of reckless driving. Evidence on these issues, which Defendant argued showed Mrs. Whitaker's role in the accident, was precluded partially because it went more to contributory negligence than unforeseeable misuse. To this extent, Whitaker's Motion in Limine No. 3 is **GRANTED**.

Defendants are not, however, barred from presenting evidence of what caused the accident. This includes how Mrs. Whitaker removed the key from the ignition, what gear the car was in, and what actions she took after the car began to roll. As Defendants point out, there is some overlap between the legal concepts of contributory negligence and unforeseeable misuse. While specific issues have already been excluded, whether a particular showing falls into contributory negligence or unforeseeable misuse might occasionally have to be determined on a case-by-case basis, during trial.

Whitaker argues that the court has already ruled that Mrs. Whitaker's actions were foreseeable in its October 10, 2018 Memorandum Opinion. This opinion, however, addressed Defendants' motion for summary judgment. ECF No. 112. The court held that, given FMVSS 114 and the purpose of the solenoid, a jury could find that Mrs. Whitaker's

4

alleged misuse of the vehicle was foreseeable to Defendants. Id. at 17. This is not the same as holding that Defendants are precluded from discussing the entire issue of foreseeability. That Congress passed a statute requiring that a car's "starting system…must prevent key removal…, unless the transmission or gear selection control is locked in 'park' or becomes locked in 'park' as a direct result of key removal" is certainly very persuasive evidence of the foreseeability of someone attempting to remove a key from the ignition without first placing the car in "park." 49 C.F.R. § 571.114 at SF.2.1. Defendants' response, however, seems to indicate that they will not attempt to argue otherwise. ECF No. 192, at 8. Defendants instead focus on the other aspects of Mrs. Whitaker's actions on August 24, 2015. Defendants are correct in that FMVSS 114 only "requires designers of automatic transmission passenger cars and SUVs to design their vehicles to have an interlock." Id. Argument regarding the foreseeability of other aspects of her behavior, like not setting the parking brake or pursuing the vehicle when it began to roll, are not addressed by FMVSS 114's requirement.

In the alternative, Whitaker argues that all evidence so far has shown that removing the key from the ignition before putting a car in "park" is foreseeable, but absent a finding that there is no disagreement of material fact on this issue, only a jury can determine whether Mrs. Whitaker's use of the vehicle on August 24, 2015 was foreseeable.

Whitaker's Motion in Limine #3 is **GRANTED**. Defendants may not assert contributory negligence as an affirmative defense. Motion in Limine #9 is **DENIED**. Defendants may present evidence regarding the foreseeability of Mrs. Whitaker's actions on August 24, 2015.

It is **SO ORDERED**.

Entered: 02/08/2019

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge