# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| CLARENCE EDWARD WHITAKER, on behalf of himself and as Administrator of the Estate of Shannon Marie Whitaker, deceased, | ) ) ) ) ) ) | Case No. 7:17-cv-00055 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| HYUNDAI MOTOR COMPANY, et al., | ) ) ) ) | By: Michael F. Urbanski<br>Chief United States District Judge |
| Defendants. | ) | |

## ORDER

Plaintiff Clarence Edward Whitaker ("Whitaker") filed his Motion in Limine No. 12 to Prohibit the Defendants from making any Reference, of any Kind or Nature, Regarding the Various Medical Conditions from which Shannon Whitaker Suffered, ECF No. 172, and Motion in Limine No. 13 to Preclude the Defendants from Making any Reference, Argument, or Attempt to Elicit Testimony with Regard to an Alleged Incident to have Occurred on August 24, 2015, ECF No. 173, on January 25, 2019. Defendants Hyundai Motor Company and Hyundai Motor America, Inc. ("Defendants") responded to these motions in a single brief on February 1, 2019. ECF No. 183. The court heard argument on the motions on January 29, 2019. ECF No. 175.

Whitaker argues that no witness can testify that any of Mrs. Whitaker's medical conditions or medications had any bearing on her accident; therefore, evidence of either will only serve to prejudice the jury. Similarly, Whitaker argues that Defendants only seek to

introduce evidence of an alleged incident of reckless driving on August 24 to inflame the jury. If such an event actually occurred, argues Whitaker, it could have no relevance to any of the issues to be considered by the jury in this case.

Defendants respond that Whitaker bears the burden of showing proper use in an implied warranty claim while Defendants are entitled to present evidence of other causes of Mrs. Whitaker's death. Dorman v. State Indus., 292 Va. 111, 124, 787 S.E.2d 132, 138 (2016). See Turner v. Manning, Maxwell & Moore, 216, Va. 245, 217 S.E.2d 863 (1975) (affirming the trial court's judgment for the manufacturers on the grounds that the plaintiff was misusing the hoist that caused his injuries). Defendants further claim that the facts Whitaker seeks to keep from the jury are relevant to their argument of unforeseeable misuse of the vehicle. Mrs. Whitaker's issues with focus, panic attacks and insomnia and the medication she took to address these problems affected her use of the Hyundai Santa Fe ("the vehicle") on October 16, 2015. The incident on August 24, 2015, less than two months before her death, shows she was unaware of or careless about driving in her own lane, indicating "gross neglect and astonishing behavior." Defendants argue that evidence pertaining to the above topics will contradict Whitaker's case that Mrs. Whitaker was using the car in the way it was intended.

The court disagrees. Turner granted judgment to the manufacturers based on evidence of how the plaintiff was misusing the product when he sustained his injuries, 216 Va. at 247, 217 S.E.2d at 866; Dorman permitted the manufacturers to present evidence of an independent superseding cause, 292 Va. at 124, 787 S.E.2d at 140. Defendants are barred from asserting Mrs. Whitaker's contributory negligence as an affirmative defense. Wood v.

2

Bass Pro Shops, Inc., 250 Va. 297, 300, 462 S.E..2d 101, 103 (1995). Any evidence pertaining to her actions must go to whether she unforeseeably misused the vehicle on August 24. Id. Mrs. Whitaker's health problems, medications, and previous driving incidents neither affect nor inform whether her action of removing her key from the ignition and exiting the vehicle before placing the car in "park" was foreseeable or unforeseeable. These issues are also irrelevant to the question of whether the solenoid connector was disconnected before or after the vehicle left Defendants' control. As such, any evidence pertaining to the above issues would violate Federal Rule of Evidence 403 as more unfairly prejudicial than probative.

Whitaker's Motions in Limine No. 12 and 13 are **GRANTED**. Defendants may offer testimony pertaining to Mrs. Whitaker's actions during the accident on October 16, 2015 but may not offer any evidence of her prior medical condition or the alleged incident on August 24, 2015.

It is **SO ORDERED**.

Entered: 02-08-2019

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge

3