CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 1 2 2019

JULIA C. DUDLEY, CLERK
BY: /s/ A. Beeple
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| CLARENCE EDWARD WHITAKER, on behalf of himself and as Administrator of the Estate of Shannon Marie Whitaker, deceased, | ) ) ) ) ) ) | Case No. 7:17-cv-00055 |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| HYUNDAI MOTOR COMPANY, et al., | ) ) ) | By: Michael F. Urbanski Chief United States District Judge |
| Defendants. | ) ) | |

## ORDER

Defendants Hyundai Motor Company and Hyundai Motor America, Inc. ("Defendants") filed their Motion in Limine to Exclude Evidence and Argument Regarding Certain Types of Damages on January 25, 2019. ECF No. 155. Plaintiff Clarence Edward Whitaker ("Whitaker") responded on February 1, 2019. ECF No. 187. For the reasons stated below, Defendants' motion is **DENIED as moot**.

Defendants claim that Whitaker intends to seek damages for: (1) Mrs. Whitaker's own pain and suffering; (2) bystander damages incurred by the Whitaker boys for having found their mother after the incident; and (3) damages for what Mrs. Whitaker would have earned had she lived. Defendants argue that Whitaker cannot recover for Mrs. Whitaker's own pain and suffering because Virginia law permits recovery only for the beneficiaries' losses. The Virginia Wrongful Death Act states that a beneficiary may recover for his or her sorrow, mental anguish, and solace which may include society, companionship, comfort, guidance,

kindly offices and advice of the decedent. Va. Code Ann. §8.01-52(1). All courts that have considered this question have determined that this refers only to the beneficiaries' anguish, not that of the decedent. Defendants cite to El-Meswari v. Wash. Gas Light Co., 785 F.2d 483, 491 (4th Cir. 1986) in support of their motion.

Defendants also expect Whitaker to argue that Mrs. Whitaker's children should recover damages for their own distress in finding their mother. They argue this is not permissible—Mrs. Whitaker's children did not suffer physical injuries of their own and were not in the zone of danger so as to be frightened for themselves. Hughes v. Moore, 214 Va. 27, 197 S.E.2d 214, 219-20 (1973). Finally, Defendants expect Whitaker to argue he should recover an amount equal to his wife's projected earnings (salary and benefits) had she lived. §8.01-52(2) of the Virginia Code permits wrongful death beneficiaries to recover for their "reasonably expected loss of income of the decedent," meaning what the beneficiaries reasonably expected and lost, not what the decedent would have earned. Wilson v. United States, 637 F. Supp 669, 672 (E.D. Va. 1986). Furthermore, Defendants' argue that Whitaker has no right to recover any pecuniary losses the beneficiaries may have suffered because he has not disclosed any. Fed. R. Civ. P. 26(a)(1)(A)(iii) requires parties disclose computation of damages. Whitaker, however, did not do so. Defendants claim that during discovery, Whitaker said many times he was going to hire an economist yet never did. When explicitly asked what damages he would claim for the beneficiaries in an interrogatory, Whitaker did not answer the question. ECF No. 155-1, at 9. Because this is not a harmless error and is not substantially justified, Whitaker cannot now claim any reasonably expected losses.

Whitaker responds that he has no intention of asking for damages for Mrs. Whitaker's own pain and suffering or for bystander damages for the Whitaker boys. All the same, Whitaker argues that "the circumstances surrounding Mrs. Whitaker's death and the emotional shock the Whitaker boys suffered upon seeing their mother pinned between the house and her car and Clarence Whitaker coming upon the scene are part and parcel of their right to recover mental anguish under the wrongful death act." Virginia Iron, Coal & Coke Co. v. Odle's Admr., 128 Va. 280, 280 105 S.E. 107, 116 (1970) (abrogated on other grounds). As for pecuniary loss, Whitaker says he plans to present evidence of Mrs. Whitaker's employment and the income she contributed to the family, testify to the reasonably expected loss of income suffered by the beneficiaries, and offer Mrs. Whitaker's life expectancy into evidence. Whitaker argues this will permit a jury to determine the value of the reasonably expected loss of income to Mrs. Whitaker's beneficiaries. The jury does not require expert testimony to make this determination. Whitaker claims that he has been deposed on the issue of economic loss and Mrs. Whitaker's contribution to the family's living expenses. He also claims that Defendants have Mrs. Whitaker's employment and payroll records. Thus, there is no unfair surprise.

Virginia law bars recovery for the decedent's pain and suffering in a wrongful death case and has never recognized bystander damages in circumstances such as these. See El-Meswari, 785 F.2d at 488 (citing Hughes, 214 Va. at 34, 197 S.E.2d at 219–20) ("Virginia law does not as an independent goal try to restore mental tranquility shaken by witnessing or contemplating negligently inflicted injury). The Virginia Wrongful Death Statute does permit recovery for the beneficiaries' mental anguish, however, and while El-Meswari noted that

3

this claim "addressed itself only to the reaction provoked 'by reason of the death' of [the decedent]," not how this anguish might have been heightened by an awareness of the circumstances of death, id. at 488, other cases have permitted the introduction of evidence regarding decedent's pain and suffering to enable the jury to estimate the mental anguish of the beneficiaries. Sciortino v. Piccioni, 88 Va. Cir. 106, at *2 (2014) (discussing Virginia Iron, Coal, and Coke Co., 128 Va. at 280, 105 S.E. at 116). There is nothing in Virginia law that bars evidence of the circumstances of a decedent's death in a wrongful death action, and Whitaker claims no intention to request damages for Mrs. Whitaker's pain and suffering or bystander damages for the Whitaker children. The court **DENIES** Defendants' motion in limine to prohibit evidence and argument regarding either source of damages as moot.

Finally, as Whitaker claims to have turned over employment and payroll records to Defendants and been deposed on the issue of reasonably expected loss of income, Whitaker may testify consistent with deposition testimony and documents produced in discovery. The court **DENIES** Defendants' motion to exclude evidence and argument of reasonably expected loss of income of Mrs. Whitaker. The court will address any attempted introduction of evidence exceeding what was produced during discovery at trial, as necessary.

It is **SO ORDERED**.

Entered: 02-12-2019

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge

4